United States District Court
Southern District of Texas
**ENTERED**
July 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUGAR LAND MISSION BEND EMERGENCY CENTER, PLLC, *et al.*, | § § § § § | |
| Plaintiffs, | | |
| VS. | § § § | CIVIL ACTION NO. 4:23-CV-04364 |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, | § § § § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is the defendant's, Blue Cross and Blue Shield ("BCBS") motion to dismiss the plaintiffs', Sugar Land Mission Bend Emergency Center, PLLC, *et al* ("SLMBEC") first Amended Complaint [DE 18]. Also, before the Court is SLMBEC's response, [DE 24] and BCBS's reply in support of its motion [DE 25].

### I.

This suit was brought by SLMBEC on behalf of or as beneficiary of the numerous entities under which it does business, *i.e.,* SLMBEC "doing business as" its various assumed names. Each of the "d/b/a's" provides medical care as "free standing" emergency centers. Individuals insured by BCBS, either themselves or a participant under the insured BCBS policy, received medical care at one or more of SLMBEC's locations. The insureds appear to have executed as an assignment of their claim(s) to SLMBEC or its subsidiaries.

BCBS seeks dismissal of the SLMBEC's lawsuit on the bases that: (a) the complaint fails for lack of subject matter jurisdiction; and (b) Counts III, IV and V of the Amended Complaint fail

to state a claim. BCBS relies on Federal Rules of Civil Procedure, Rule 12(b)(1) and 12(b)(6) as the basis for its motion. In this regard, BCBS asserts that the Court lacks the statutory or constitutional power to adjudicate the case. BCBS cites as authority *Home Builders Ass'n of Miss., Ins. v. Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). In addition, BCBS argues that because SLMBEC has not named each of the individuals that it treated as a plaintiff, the Court lacks jurisdiction and/or no cause of action is asserted.

In addition, BCBS argues, that Amended Complaint contains contradictory allegations and, on that basis fails to satisfy Article III as there are at least two parties seeking to recover on each claim. Next, and finally, BCBS claims that SLMBEC lacks standing because the claims are subject to resolution under mandatory provisions of the Texas Insurance Code § 1467.0575. That Code, BCBC argues, mandates that mediation is State mandated. As well, they argue, some of SLMBEC claims may be time-barred. Finally, BCBS focuses on Courts III, IV and V for dismissal because they fail Rule 12(b)(6) standards for stating a claim.

### III.

The Court is of the opinion that BCBS motion to dismiss fails as premature and lacking in candor. Federal Rules 8(a) sets the standard for sufficiency in a pleading. Hence, the Court finds the pleadings are more than sufficient to satisfy Rule 8 and overcome 12(b)(6). This finding is supported by the arguments made by BCBS, for example, when BCBC, on the one hand seeks dismissal, and on the other argues that the merits of SLMBEC's claims are to be resolved by mediation. A healthy dose of discovery by the parties will clarify many of the issues raised by BCBS at which time the evidence may support one or more dispositive motions or a stay of proceedings and, as well, clarify any remaining issues. Finally, this is an ERISA case over which federal courts have subject matter jurisdiction.

The motion to dismiss SLMBEC's Amended Complaint is Denied.

It is so Ordered.

SIGNED on July 23, 2024, at Houston, Texas.

                                      Kenneth M. Hoyt
                                      United States District Judge